Stelle *v.* Conover.

SAMUEL E. STELLE and others, executors, appellants,

*v.*

GARRET CONOVER and others, respondents.

The time limited by order of the orphans court, within which the creditors of an insolvent estate must present their claims or be barred,

cannot, after the expiration of such time, and after notice has been given pursuant to the direction of the statute, be extended by a sub sequent order.

Appeal from order of Middlesex orphans court.

*Mr. D. R. Boice,* for appellants.

*Mr. W. P. Voorhees,* for respondents.

THE ORDINARY.

The orphans court of Middlesex county, on the represen tation of the executors of Peter T. Stelle, deceased, late of that county, that his personal and real estate were insuffi cient to pay his debts, made, on the 16th of December, 1876, an order requiring creditors to exhibit their claims and demands against the estate, under oath or affirmation, within six months. The time so limited expired in six months from the date of the order. *Coppuck* v. *Wilson,* 3 *Gr.* 75. Nearly a month after the expiration of the six months, the court, on the 11th of July, 1877, made an order that the creditors of the estate have thirty days further time from the date of the last-mentioned order, in which to present their claims, under oath, to the executors. It does not appear by the record that there was any special reason for this action, nor does it appear on whose application, whether of creditors or executors, it was made, nor why it was made. It appears simply to have been made on application of Wil lard P. Voorhees, esq., but whether in his own right or as attorney for others, does not appear. The executors appeal from that order. The statute (*Rev.* p. 770, *Orphans Court,* § 82,) provides that, " When any executor or administrator shall, by application in writing, represent to the orphans court of the proper county, on oath or affirmation, that the personal and real estate of the decedent is insufficient to pay the debts of the deceased, according to the best of his knowledge and belief, the said court shall thereupon direct

the said executor or administrator to give public notice to the creditors of the estate to exhibit to such executor or administrator, under oath or affirmation, their claims and demands against the estate, within such time as the court shall direct and appoint, not exceeding eighteen months, nor less than six months, by setting up such notice in five of the most public places in the county, for the space of two months, and also by advertising the same for the like period in one or more of the newspapers printed in this state, as may be appointed by the said court, and such further notice, if any, as the said court shall direct."

And by section 94 (*Rev.* p. 773), it provides that, " Any creditor who shall not exhibit his claim to the executor or administrator as aforesaid, within the time limited and prescribed by the said court, shall be forever barred from prosecuting or recovering his said demand, unless the estate shall prove sufficient, after all debts exhibited and allowed are fully satisfied, or such creditors shall find some other estate not inventoried or accounted for by the executor or administrator before distribution, in which case such creditor shall receive his ratable proportion out of the same."

It will be seen that the order of July, 1877, was made not only after the court had exercised the power conferred by the statute in fixing the time within which the creditors were to exhibit their claims, but almost a month after that time had expired. As has been remarked, it does not appear that there was any reason whatever for their action. The court cannot thus extend the time for exhibiting claims against an insolvent estate. They are limited in their power in that respect by the provision of the section first above quoted; for the limitation there designated has reference to the time to be fixed in their order, made on the representation of insolvency; and when they have exercised their power, and the time so fixed has expired, and the notice has been given, the court cannot extend the time, even though the time fixed in the original order and that fixed in the extension do not together exceed the maximum time

Stelle *v.* Conover.

(eighteen months) fixed by the statute. The legislature obviously intended that the court should, once for all, fix the time in the order made on the representation of insolvency. Notice is to be given as directed by the statute, so that all creditors may be apprised of the necessity of exhibiting their claims.

The order for extension in this case provides for no notice whatever, and its effect would be to admit the creditor or creditors applying for it (but probably no others, seeing that, as before remarked, there is no requirement that notice shall be given), who are barred by their laches, to equal advantage with the diligent. Indeed, it may justly be regarded as the means by which the court have undertaken to relieve the applicant or applicants from the consequences of his or their neglect.

The order will be reversed.